# 98 DTA 218

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

ESTADOS UNIDOS DE NORTEAMERICA EL PRESIDENTE DE LOS EE.UU., ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL PUEBLO DE P.R.
Parte Recurrida

v.

ABIGAIL CRUZ RODRIGUEZ
Parte Peticionaria

Núm. KLCE-98-00687

San Juan, Puerto Rico, a 21 de agosto de 1998

Panel integrado por su Presidente, Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

*Per Curiam*

**TEXTO COMPLETO DE LA RESOLUCION**

Acude ante nos Abigaíl Cruz Rodríguez (en adelante Cruz Rodríguez) mediante un recurso de *certiorari*, en el que solicita la revisión y revocación de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Mayaguez (Fernando L. Torres Ramírez, J.). Mediante éste, dicho foro declaró sin lugar una moción de supresión de evidencia presentada por la peticionaria. Por los fundamentos que pasamos a exponer, se deniega la expedición del auto solicitado.

## I

Los hechos del caso ante nuestra consideración son sumamente sencillos. El 20 de enero de 1998, empleados de seguridad de la tienda Sears de Mayaguez detuvieron a Cruz Rodríguez. Del registro efectuado a la persona de ésta, aquéllos ocuparon un radio portátil marca Panasonic y varios sobres que alegadamente contenían la sustancia controlada conocida como heroína. Como consecuencia de ello y luego de los trámites de rigor, el 17 de abril de 1998 el ministerio público presentó un pliego acusatorio contra la peticionaria, imputándole una infracción al artículo 404 de la Ley de Sustancias Controladas.

La lectura de dicho pliego se realizó cinco (5) días más tarde. Así las cosas, la acusada presentó una moción de supresión de evidencia fundamentada en la ilegalidad del registro que le fue practicado, la que fue declarada sin lugar de plano mediante el dictamen recurrido.

Inconforme con dicho dictamen, acude ante nos la acusada peticionaria con la oportuna presentación del recurso que nos ocupa. En el mismo imputa, como único fundamento de revocación, que erró el Tribunal de Primera Instancia al denegar la supresión de evidencia solicitada. Resolvemos que el foro de instancia dictaminó con corrección, por lo que resulta procedente denegar la expedición del auto solicitado.

## II

La Sec. 10 del Art. II de la Constitución de Puerto Rico y la Cuarta Enmienda de la Constitución de los Estados Unidos consagran la protección de todos los ciudadanos contra los registros, allanamientos e incautaciones irrazonables *"del hogar, vehículos, efectos personales o cualquier propiedad o lugar sobre la que el ciudadano tenga alguna expectativa razonable en cuanto a intimidad."* Ernesto L. Chiesa Aponte, *Derecho Procesal de Puerto Rico y Estados Unidos,* Forum, Bogotá, Vol. I, 1991, pág. 280. Al amparo de ambas disposiciones, expresamente en la Sec. 10 y por vía jurisprudencial bajo la Enmienda Cuarta, se reconoce una regla de exclusión en virtud de la cual toda evidencia obtenida en contravención de las mismas será inadmisible en los procedimientos judiciales. Esta protección es invocable en todo procedimiento judicial en que el Estado sea parte. *Toll y Sucn. Rivera Rojas v. Adorno Medina,* 131 D.P.R. (1992), **92 J.T.S. 49,** pág. 9429. Dicha regla está fundamentada en consideraciones de política pública, ya que la exclusión de dicha evidencia *"nada tiene que ver con su valor probatorio, confiabilidad, ni con la búsqueda de la verdad."* *Toll y Sucn. Rivera Rojas v. Adorno Medina, supra*; Ernesto L. Chiesa Aponte, *supra,* pág. 284. Las finalidades de la misma son: *"[p]rimero, disuadir y desalentar a los funcionarios del orden público de que violen la protección constitucional ('deterrence'). Se reconoce que este elemento disuasivo realmente es el más fundamental. Segundo, integridad judicial. Los tribunales no deben ser cómplices de actos de desobediencia a la Constitución y admitir evidencia ilegalmente obtenida. Y tercero, impedir que el gobierno se beneficie de sus propios actos ilícitos; de otra manera la ciudadanía perdería la confianza en el gobierno."* *Toll y Sucn. Rivera Rojas v. Adorno Medina, supra;* Ernesto L. Chiesa Aponte, *supra,* pág. 285. Como expresara el Tribunal Supremo federal:

*"Ever since its inception, the rule excluding evidence seized in violation of the Fourth Amendment has been recognized as a principal mode of discouraging lawless police conduct.... Thus its major thrust is a deterrent one,... and experience has taught that it is the only effective deterrent to police misconduct in the criminal context, and that without it the constitutional guarantee against unreasonable searches and seizures would be a mere "form of words."... The rule also serves another vital function, the imperative of judicial integrity.*

*"... Courts which sit under our Constitution cannot and will not be made party to lawless invasions of the constitutional rights of citizens by permitting unhindered governmental use of the fruits of such invasions. Thus in our system evidentiary rulings provide the context in which the judicial process of*

*inclusion and exclusion approves some conduct as comporting with constitutional guarantees and disapproves of other actions by the the state agents. A ruling admitting evidence in a criminal trial, we recognize, has the necessary effect of legitimazing the conduct which produced the evidence, while an application of the exclusionary rule withholds the constitutional imprimatur."*

*Terry v. Ohio,* 392 U.S. 1 (1968), citado en John Wesley Hall, Jr., *Search and Seizure,* CBC, Illinois, Vol. I, 1991, secs. 4:6-4:9, págs. 154-155. Véase LaFave, *Search and Seizure: a Treatise on the Fourth Amendment,* Minnesota, West Publishing Co., 3rd Ed., Vol. I, 1996, sec. 1.l(f), págs. 18-20:

Ahora bien, como regla general esta garantía constitucional solamente es oponible contra el gobierno y sus agentes, no contra los ciudadanos particulares. *Pueblo v. Ramírez Lebrón,* 123 D.P.R. 391, 396 (1989). En este contexto, el término gobierno debe utilizarse en su sentido más amplio posible, incluyendo a todos los agentes gubernamentales, no sólo a aquellos oficiales encargados de poner en vigor las leyes. *Pueblo v. Rovira Ramos,* 116 D.P.R. 945, 952 (1986), comentando a *Burdeau v. McDowell,* 256 U.S. 465 (1921). Por ello, contrario a lo que sucedería en un registro con intervención gubernamental, es admisible la evidencia obtenida de registros realizados por particulares aun cuando éstos no cumplan con las exigencias requeridas por las disposiciones constitucionales. Fundamento de ello es que, siendo el propósito principal de esta regla de exclusión desalentar a los funcionarios gubernamentales de violar las disposiciones constitucionales, ningún sentido tiene aplicar la misma *"con relación a evidencia en cuya obtención no intervino, en modo alguno, el gobierno".* Ernesto L. Chiesa Aponte, *supra,* pág. 509; John Wesley Hall, Jr., *supra,* sec. 12:1, págs. 549-550.

No obstante, la norma antes expuesta cede en aquellas situaciones en que el registro no fue realizado por agentes gubernamentales, pero éstos estuvieron involucrados activamente en la realización del mismo. Se trata de situaciones en que un agente gubernamental *"participó en el registro privado o cuando el individuo actuó en circunstancias en las que medió sugestión, instigación o requerimiento de un agente del orden público o de un funcionario encargado de velar por el cumplimiento de la Ley".* *Pueblo v. Ramírez Lebrón, supra.* Así, a manera de excepción, la garantía constitucional contra registros y allanamientos irrazonables es oponible a los ciudadanos particulares que actúan en confabulación con funcionarios del gobierno o como agentes de éste al efectuar el registro. *Id.; Toll y Sucn. Rivera Rojas v. Adorno Medina, supra;* LaFave, *supra,* sec. 1.8 (b).

Por otro lado, es un asunto complicado el que confrontan los tribunales al determinar cuál es el grado de participación gubernamental necesaria para activar la protección constitucional. La dilucidación de tal problema se reduce a determinar el grado de conocimiento y consentimiento por parte del gobierno en la realización del registro, así como el propósito con que se realizó el mismo. *Pueblo v. Ramírez Lebrón, supra,* pág. 399. A tenor, se ha establecido que, al evaluar si un registro efectuado por personas particulares es constitucionalmente impermisible, los tribunales ponderarán los siguientes factores: *"(1) si medió paga por parte del Estado; (2) si en su planificación o ejecución participaron agentes del Estado; (3) el lugar donde se llevó a cabo el registro; (4) si estaban presentes los agentes del Estado cuando el ciudadano particular lo efectuó (si medió consentimiento implícito); (5) el momento en que los agentes del Estado advinieron en conocimiento del registro; (6) si el ciudadano particular tenía alguna motivación independiente para realizarlo o si, por el contrario, lo efectuó sólo con el propósito de asistir al [g]obierno, y (7) si el registro se puede concebir como parte de las tareas rutinarias del individuo".* *Id.*

Al examinar la situación particular del caso que nos ocupa a la luz de la normativa antes expuesta, evidente resulta que la regla de exclusión de evidencia no es de aplicación al mismo. Personas particulares -empleados de seguridad de la tienda Sears-, y no funcionarios gubernamentales, efectuaron el registro de la acusada peticionaria. Según surge del expediente, ésta ni siquiera alegó en su moción de supresión la participación o instigación por parte de funcionarios del orden público en dicho registro. Véase Apéndice del Recurso, págs. 2-4. En ausencia de participación alguna por parte del gobierno en dicho registro, actuó correctamente el foro *a quo* al denegar la supresión de evidencia solicitada.

## III

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari* solicitado de epígrafe.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General